1997 ME 236

**STATE of Maine**

v.

**Corey A. SEARLES.**

Supreme Judicial Court of Maine.

Argued Oct. 6, 1997.

Decided Dec. 30, 1997.

Norman R. Croteau, District Attorney, Margot Joly, Asst. Dist. Atty. (orally), Farmington, for the State.

Walter Hanstein, III (orally), Joyce, Dumas, David and Hanstein, P.A., Farmington, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Corey A. Searles appeals from the judgment entered in the Superior Court (Franklin County, *Delahanty, J.*) convicting him of unlawful sexual contact (Class C) in violation of 17–A M.R.S.A. § 255 (1983 & Supp.1996). On appeal, Searles contends that his conviction must be overturned because the State failed to prove beyond a reasonable doubt that "sexual contact" had occurred as defined in 17–A M.R.S.A. § 251(1)(D) (1983 & Supp.1996). We affirm the judgment.

[¶ 2] The facts in this case are summarized as follows. In September 1996 Searles was an overnight guest at the home of the victim's father and mother. The mother woke in the early morning hours to the sound of her three-year-old daughter screaming. She found her daughter naked from the waist down, sitting up in her bed, with Searles lying beside her. While examining her daughter, the mother noted redness in the daughter's vaginal area. The father testified that Searles was intoxicated.

[¶ 3] The victim was examined by a doctor at the hospital later that morning. When asked what happened, the victim told the doctor that "he had hurt her pee pee." The doctor found "marked redness to both lateral walls of the vaginal introitus" and also blood in the vaginal area, but his examination did not reveal semen in the vaginal area. He stated that the absence of semen is not uncommon in cases of sexual abuse of children under five years old. The doctor stated that the victim's injury was "consistent with a digital or penile penetration." In addition, a forensic chemist testified that he could not find either semen or pubic hairs on the victim's bedding or clothing, or on Searles's clothes.

[¶ 4] Mark Cayer, the arresting officer, testified that Searles could not remember what had happened. He also testified that Searles was visibly upset and "immediately started crying, saying he couldn't believe that he had done this, and at that point I asked him what it was that he was indicating and he stated that I should just pull my gun out and shoot him." In October 1996 Searles was indicted for gross sexual assault and unlawful sexual contact in violation of 17–A M.R.S.A. § 253(1)(B) and § 255.[1]

---

1. 17–A M.R.S.A. § 253(1)(B) provides:

   **§ 253. Gross sexual assault**

   1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

   . . . .

   **B.** The other person, not the actor's spouse, has not in fact attained the age of 14 years.
   "Sexual act" is defined in 17–A M.R.S.A. § 251(1)(C)(1) as follows:

   **C.** "Sexual act" means:

[¶ 5] After a jury-waived trial in February 1997, Searles was acquitted of the gross sexual assault charge because the court could not find beyond a reasonable doubt that penile contact had occurred. The court found him guilty, however, of unlawful sexual contact. Thereafter, Searles filed a motion for a judgment of acquittal and for reconsideration. After a hearing held in March 1997, Searles's motion was denied. This appeal followed.

[¶ 6] The gravamen of the defendant's argument is that the evidence establishing vaginal injury is equally consistent with either penile or digital penetration. He contends, therefore, that the State has failed to disprove the possibility of penile penetration beyond a reasonable doubt. Although section 251(D) defines sexual contact as "any touching of the genitals ... *other than as would constitute a sexual act*," the State did not have the burden of disproving the possibility of penile penetration beyond a reasonable doubt. The emphasized words are intended to prevent the possibility that every charge involving a sexual act would have a lesser included offense of unlawful sexual contact. The phrase does not add a separate, discrete element requiring proof beyond a reasonable doubt. We conclude that the evidence in the record does support Searles's conviction for a violation of section 255.

The entry is:

Judgment affirmed.

---

(1) Any act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other[.]

17–A M.R.S.A. § 255(1)(C) provides:

**§ 255. Unlawful sexual contact**

1. A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:

....

C. The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older.

"Sexual contact" is defined in 17–A M.R.S.A. § 251(1)(D) as follows:

D. "Sexual contact" means any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact.